## Michael Kannally v. John R. Renner.

1. ATTORNEYS—*Improper Conduct.*—It is improper for an attorney, after accepting a joint employment from both parties in a matter, for the purpose of effecting a settlement, to then, under the guise of such employment, act as attorney for one of the parties in a litigation against the other, indirectly connected with such matter, and adversely affecting his interests, without advising him of the fact; and a decree affecting his rights, entered in such a proceeding, may be impeached for fraud.

2. FRAUD—*Improper Conduct of an Attorney.*—Where the grantor and the grantee of land upon which a purchase money mortgage from the latter to the former remains unpaid, jointly hire an attorney to perfect the title for their joint benefit, if such attorney procures a decree defeating the grantor's title and mortgage, without the grantor's knowledge, the latter may impeach the decree for fraud.

**Bill to Impeach a Decree for Fraud.**—Appeal from the Circuit Court of Whiteside County; the Hon. HIRAM BIGELOW, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed July 20, 1898.

A. A. WOLFERSPERGER, attorney for appellant.

C. L. SHELDON, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a bill in equity, filed by Michael Kannally against John R. Renner, and having a two-fold aspect: First, it was a bill of review to impeach a decree for errors alleged to appear upon the face of the record; and, second, it was a bill to impeach a decree for fraud. The court below sustained a demurrer to the bill and dismissed it. Complainant appeals.

We deem it necessary to consider the bill only in its aspect as a bill to impeach a decree for fraud. It shows that John Courtney formerly owned certain lands in Whiteside county; that by reason of a judgment and transcript against him in the Circuit Court of Whiteside County, and after notice of sale (said Courtney still being the owner of said land), a certificate of purchase in due and regular form was issued on August 3, 1878, to George H. Fay; that Kannally purchased and received said certificate from said Fay and became the absolute owner thereof; that all right and title of Courtney in said land became barred by his failing to redeem within the time prescribed, and Kannally became the actual and *bona fide* owner of the premises, but that by a misunderstanding, error and mistake, a certificate of redemption was issued to Kannally instead of a sheriff's deed of the premises, as Kannally intended; that Kannally was unacquainted with the manner of conducting and concluding

such matters, and did not know till long afterward of such mistake and error, but understood he had the proper and necessary papers from the sheriff, and being in fact the owner of the premises, sold and conveyed them to Renner by warranty deed on March 1, 1880, for the consideration of $1,200, $400 of which was then paid, and notes and a purchase money mortgage given back by Renner for the residue; that said mortgage debt was paid in part, and on November 11, 1885, Renner gave Kannally new notes for $600 of said purchase money, and a new mortgage upon said premises to secure it. The bill further states that in 1892 said mistake of the sheriff was discovered; that Kannally and Renner then went together to the office of C. L. Sheldon, an attorney at law of said county, and employed him to correct said mistake and to take such steps in court as should be necessary to fully preserve and protect the interests of Kannally and Renner; and Kannally then and there offered to bear the expense necessary to make such correction and protect Renner in his ownership of the land under his deed from Kannally; that Sheldon entered upon such employment and undertook the correction of said mistake and error, and thereupon filed the bill and took the proceedings and decree here attacked for fraud. The bill in said cause, proceedings, master's report of proofs and findings, and the decree, are set out in full. It therefrom appears that Sheldon, instead of protecting the interests of both parties and seeking to correct the title, as he had been employed and had undertaken to do for both parties upon their joint employment, filed a bill in the name of Renner against Kannally and the unknown heirs of Courtney, charging that Kannally never had title and therefore defrauded Renner in the sale; that Renner had color of title by virtue of his deed from Kannally, and that by payment of taxes under said color of title Renner had become the sole owner of said land, both against Kannally and also against the heirs of Courtney; and the bill set up the outstanding mortgage, given by Renner to Kannally, and asked to have it canceled. The record shows Kannally entered his appearance,

was examined as a witness by Sheldon for Renner, and that a report was filed and a decree entered finding that Kannally never had title, and therefore had defrauded Renner, and setting aside and canceling his mortgage and investing Renner with the absolute title. The present bill to impeach said decree avers that Kannally did not know he was assailed by said proceedings, nor that the object of said proceedings was to perfect title in Renner and defeat the mortgage till long after said decree was rendered; that he went to Sheldon and offered to pay him for his services in said proceedings, and Sheldon said Renner had paid him; that afterward he told Sheldon that Renner did not pay the mortgage, and Sheldon said he would notify Renner in regard to the matter; that a few days later Renner called upon Kannally and told him as soon as the title was perfected in either Renner's or Kannally's name he would pay the mortgage debt; that he did not pay, and Kannally asked Sheldon to foreclose the mortgage, and Sheldon then told him he was acting for Renner, and Kannally would have to employ some one else; that Kannally then employed another attorney and began foreclosure proceedings; that Kannally then first learned of the manner in which said proceedings had been conducted to wrong him; and that Renner, by Sheldon, his attorney, filed a plea in said foreclosure suit setting up said proceedings in bar of the mortgage, and that that suit is pending.

There are other matters in this bill which we have not set out, which the pleader did not state with sufficient precision. It is also manifest that the bill does not show Kannally had title, or even a certificate entitling him to a deed, for it does not detail when and where, in whose favor and for what amount the judgment against Courtney was rendered, when execution was issued, when levied, when this land was sold, etc., nor when application was made to the sheriff for a deed. These particulars should have been fully stated. But whether Kannally did have a good and sufficient title, or even a right thereto, is not the question involved here. The question here is whether, upon the

allegations of the bill admitted by the demurrer, it was a fraud upon Kannally for Sheldon, in the name of Renner, to file a bill attacking Kannally and his title, and to procure a decree canceling Kannally's mortgage and declaring Renner the absolute owner under this very deed from Kannally, when Sheldon had been jointly hired by Kannally and Renner to correct and perfect the title Kannally had attempted to acquire and convey to Renner. The foregoing statement is sufficient to show the bill makes out a case of fraud. The bill should have stated more specifically when Kannally first learned of the fraud, when his foreclosure suit was begun, when the plea was filed, etc., but still we are of opinion *laches* does not appear upon the face of the bill. The unknown heirs of Courtney were parties defendant to Renner's bill, and are not made parties here. It would certainly have been a wise precaution to have made them parties to this bill. But they were not parties to the fraud attacked; and the relief to which Kannally will be entitled in this cause, if he maintains the allegations of his bill, will be to entirely rescind and expunge all proceedings had under Renner's bill. We do not see that the omission of Courtney's unknown heirs from this proceeding is material, or in any way affects the questions here to be litigated.

The demurrer to the bill of complaint should have been overruled. The decree is reversed and the cause remanded.