## John R. Renner v. Michael Kannally.

1. REAL ESTATE—*Color of Title and Payment of Taxes.*—Where a party has been in the actual, open and visible possession of real estate under a deed which is sufficient as color of title, and has paid all the taxes thereon for more than seven successive years, he acquires the absolute title to the same.

Bill of Review.—Appeal from the Circuit Court of Whiteside County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

WHITE & SHELDON, attorneys for appellant.

A. A. WOLFERSPERGER, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in equity in the nature of a bill of review, filed April 29, 1896, by appellee against appellant, to impeach and set aside a decree entered in the Circuit Court of Whiteside County at its May term, 1892, in the case of John R. Renner against Michael Kannally and the unknown heirs of John Courtney, deceased. To this bill a demurrer was interposed which was sustained by the court and a decree entered dismissing the bill. From that decree an

appeal was taken to this court, where the bill was held sufficient to impeach the decree for fraud. See Kannally v. Renner, 84 Ill. App. 51, where there is a full statement of the matters set forth in the bill. After the case went back to the Circuit Court, an answer was filed admitting that the bill set out substantially the proceedings in a former case, wherein appellant was complainant and appellee and the unknown heirs of John Courtney, deceased, were defendants, and denying the other allegations of the bill. The answer also alleged that appellant had paid to appellee in principal and interest the sum of $964.41, which with interest would amount to $1,687.71, and that at the time he purchased said premises, he took possession of the same and fenced and improved them, and expended in improvements thereon, about the sum of $2,000. Appellant also filed a cross-bill in which he set up substantially the same matters alleged in the answer and asks that an accounting may be taken, under the direction of the court, of the amount paid by appellant to appellee on account of the purchase of said land, and that appellee should be decreed to refund and pay to him all the money so found due him, with interest.

Appellee answered the cross-bill, replications were filed and the cause referred to the master. The report of the master was adverse to appellant, sustaining the original bill and finding that the cross-bill should be dismissed. The case was heard in the Circuit Court upon exceptions of appellant to the master's report, and a decree was entered overruling the exceptions and approving the report. It was further decreed that such portion of the original decree in the case of Renner v. Kannally and the unknown heirs of Courtney as related to the releasing of the mortgage and cancellation of the notes named therein, be set aside and held for naught. Renner seeks by this appeal to reverse the decree.

The proof in this case fully sustains the allegations of the bill and the decree of the court is just and equitable. The proceedings in the former suit above referred to were

instituted by appellant, at the request of appellee, for the purpose of perfecting the title to the premises, conveyed by appellee to appellant and the fraud consisted in putting into the bill a request and into the decree a provision, without the consent or knowledge of appellee, that the mortgage and notes given by appellant to appellee, be canceled. Appellant testified that before he began the proceedings appellee told him to hire a lawyer and get the title perfected and he would pay the expense. Appellee testified to the same thing, so it is not disputed. Appellee entered his appearance and was a witness in that cause to prove facts in relation to the Courtney title, the testimony being taken at the office of and being written down by C. L. Sheldon, appellant's solicitor. It is clear that appellee understood that the lawyer was hired pursuant to his direction and that he had a right to so understand. Neither appellant nor Sheldon told him to the contrary. Appellee testified that he went to see Sheldon and told him that he, appellee, would be responsible to him for his pay. He also testified that after the suit was ended, when he asked Sheldon for his bill, the latter said that Mr. Renner had paid him.

Both the master and the court find that a fraud was perpetrated upon the rights of appellee by appellant and his solicitor, in causing that portion of the former decree canceling the mortgage indebtedness, to be rendered against him without his knowledge or consent, and we see no reason to disagree with them. When the mortgage was given which the former decree set aside, the amount it secured included not only the balance due upon the purchase of the land, but an additional loan to appellant of $200.

By the former decree the court found that the deed from appellee to appellant was color of title; that appellant had been in the actual, open and visible possession of said premises under said deed, and had paid all the taxes thereon for more than seven successive years, and that by reason thereof appellant had acquired the absolute title to said premises. The decree also provided for a conveyance to appellant by

the special master, of the title of the former owner, John Courtney.

To uphold the former decree would be to permit appellant to reap the full benefit of the conveyance made him by appellee, which has now become a perfect title, and avoid paying not only a part of the purchase price, but the money borrowed in addition as well.

It is true appellee's title was defective when he made the conveyance to appellant, but they both testified that appellant knew this when he gave said mortgage for the balance of the purchase money and said additional sum of $200. Appellant has appellee's covenants of warranty to protect him if his title is ever attacked, and he can not now, to defeat the mortgage, set up defects of title of which he knew at the time he executed the mortgage. The decree of the court below must therefore be affirmed.